UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRITTNY SOUTH,

                              Plaintiff,

    v.                                                        Civil Action No. _____

MIDLAND FUNDING LLC and
ABBOTT OSBORN JACOBS, PLC.,

                              Defendants.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Brittny South is a natural person residing in the County of Wyoming and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Midland Funding LLC. (hereinafter "Midland") is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Abbott Osborn Jacobs, PLC. (hereinafter "Abbott") is a public limited company organized and existing under the laws of the State of Iowa and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. Defendants regularly attempts to collect debts alleged to be due another.

9. All references to either defendant herein shall mean said defendant or an employee of said defendants.

10. That at all relevant time herein, Wetsch acted as agent-in-fact for Midland, and acted within the scope of their agency.

### IV. FACTUAL ALLEGATIONS

11. That Plaintiff allegedly incurred a Comenity Bank credit card. This debt will be referred to as the "subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. Plaintiff allegedly defaulted on the subject debt.

14. That the subject debt was allegedly assigned to Defendant Midland after Plaintiff's alleged default.

15. That upon information and belief, Defendant Midland hired Defendant Wetsch to attempt to collect the subject debt.

16. In or about June 21, 2019, Defendant Wetsch filed a lawsuit in the Iowa District Court for Polk County bearing Case No. SCSC638201.

17. Plaintiff was never served with a copy of the Notice and Petition for a Money Judgment and/or the Verification of Judgment Debtor,

18. The Affidavit of Non-Service states that on July 7, 2019, the process server had made four attempts to serve the above document at 307 NE 24th Ct, Ankeny, IA 50021 but was unable to locate the defendant.

19. During the time of the attempted services, Plaintiff was not even living in Iowa but rather resided at 622 Perry Rd., Strykersville, NY 14145.

20. Plaintiff has resided at the aforementioned address since 2012.

21. That on July 7, 2019, the process server hired by the Defendants, called the Plaintiff on her cellular telephone and informed her that the Defendants filed the aforementioned lawsuit against her and demanded her address in order to effectuate service on her.

22. That Plaintiff was unaware of the lawsuit filed against her until the process server called her

23. That prior to the filing of the aforementioned lawsuit, the Defendants were aware that the Plaintiff lived in New York rather than Iowa as Defendant Midland sent correspondence to the Plaintiff at a New York address seeking to collect on the alleges subject debt.

24. That the Defendants filed the aforementioned complaint fraudulently as they were aware that the Defendant resided in New York prior to the time the complaint in Iowa was filed.

25. The Town of Strykersville is not located in the State of Iowa but, rather in the State of New York.

26. That Plaintiff did not enter into the any alleged contract in Iowa relative to the alleged subject debt.

27. That as a result of Defendants acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

28. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

    A. Defendants violated 15 U.S.C. §1692i(a)(2) by filing a legal action against the Defendant in the incorrect judicial district and in a court that does not have jurisdiction over the Defendant.

29. That Defendant, Midland, is liable for all of the acts of Defendant, Wetsch as alleged in this complaint pursuant to the laws of agency.

30. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: July 6, 2020

/s/Seth J. Andrews
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:  sandrews@kennethhiller.com
khiller@kennethhiller.com